FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 07, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE LEONEL MONCADA,<br><br>                  Petitioner,<br><br>  v.<br><br>MELISSA ANDREWJESKI,<br><br>                  Respondent. | No. 1:23-CV-3020-MKD<br><br>ORDER DISMISSING HABEAS PETITION<br><br>ECF No. 1 |

      Before the Court is Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. ECF No. 1. The Court has reviewed the briefing and the record and is fully informed. For the following reasons, the Court dismisses the petition with prejudice.

## BACKGROUND

**A. Direct Appeal**

      On April 26, 2011, a jury found Petitioner guilty of first-degree rape of a child (Count 1) and attempted first-degree child molestation (Count 3), and not guilty of attempted first degree child molestation (Count 2). ECF No. 12-1 at 19; ECF No. 1 at 1 ¶¶ 2, 5. The court sentenced Petitioner to life imprisonment with a

ORDER – 1

minimum term of 175 months for Count 1, and life imprisonment with a minimum term of 60 months for Count 3, to run concurrently. ECF No. 12-1 at 2-4. Petitioner, through appointed appellate counsel, appealed the August 30, 2011, judgment, claiming errors in his trial proceedings and at sentencing. ECF No. 12-1 at 62-69; ECF No. 1 at 2 ¶ 9. While this appeal was pending, Petitioner was permitted to file a statement of additional grounds for review in addition to the briefing submitted by his counsel. ECF No. 12-1 at 148. He was denied leave to file a reply and appealed that denial; the Washington State Supreme Court denied review of this issue on August 16, 2013. *Id*. at 148-49.

On June 17, 2014, the Court of Appeals rejected his trial-related claims of error but remanded for resentencing based on errors at sentencing. ECF No. 12-1 at 15-27; *State v. Moncada*, 181 Wash. App. 1036 (Wash. Ct. App. 2014). On July 9, 2014, Petitioner filed a *pro se* motion for reconsideration. ECF No. 12-1 at 152. The Court of Appeals denied Petitioner's motion, and the State's separate motion for clarification, on July 31, 2014. ECF No. 12-1 at 183. On January 7, 2015, the Washington State Supreme Court denied review. *Id*. at 269; *State v. Moncada*, 340 P.3d 229 (Wash. 2015). The mandate issued on January 26, 2015. ECF No. 12-1 at 278.

ORDER – 2

B.  **Personal Restraint Petitions**

On March 4, 2016, Petitioner (through new appellate counsel) filed a Personal Restraint Petition raising several claims based on ineffective assistance of counsel and newly discovered evidence. ECF No. 12-1 at 280-334; ECF No. 1 at 3 ¶ 11. On January 19, 2017, the Court of Appeals granted the State's motion to modify an evidentiary ruling and struck certain hearsay statements from Petitioner's filings. ECF No. 12-1 at 30-36

Petitioner filed an Amended Personal Restraint Petition on March 23, 2018. *Id*. at 116-24, 137-200. On August 2, 2019, the Court of Appeals transferred the matter to Yakima Superior Court for a reference hearing, after which the court issued findings of fact and conclusions of law on November 18, 2019. ECF No. 12-4 at 86-94, 98-102. The Court of Appeals ultimately dismissed the Personal Restraint Petition on March 26, 2020, finding Petitioner's claims without merit. ECF No. 12-1 at 42-59; *Matter of Moncada*, 12 Wash. App. 2d 1069 (2020).

On July 21, 2021, Petitioner (through further new appellate counsel) filed a Motion for Discretionary Review with the Washington State Supreme Court. ECF No. 12-4 at 107-27. The court denied review on March 16, 2022. *Id.* at 186-90. The mandate issued on April 28, 2022. *Id.* at 192.

ORDER – 3

### C. Federal Habeas Petition

On February 10, 2023, Petitioner filed the instant Section 2254 Petition, in which he raised six grounds for relief. ECF No. 1. On May 18, 2023, the Court granted Petitioner's request to amend the Petition to add four additional grounds. ECF No. 9. On July 7, 2023, Respondent filed a response, asserting that the Petition is untimely under 28 U.S.C. § 2244(d). ECF No. 11. On August 25, 2023, the Court granted Petitioner's Motion for Extension of Time to file a reply brief and extended Petitioner's filing deadline to October 23, 2023. ECF No. 14. Petitioner did not file a reply brief.

## DISCUSSION

### A. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitations period to seek federal habeas review. *See* 28 U.S.C. § 2244(d)(1). The limitation clock tolls from the latest of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

ORDER – 4

>right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" this limitation period. 28 U.S.C. § 2244(d)(2). The judgment becomes final for petitioners who seek direct review in the Supreme Court when the court affirms the conviction or rejects certiorari. *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012). For all other petitioners, the judgment becomes final when the window for pursuing direct review in the Supreme Court or state court closes. *Id.* at 150.

### B. Timeliness

*1. The AEDPA Statute of Limitations Tolled on April 7, 2015*

Petitioner contends that this Petition is timely as his "Motion for Discretionary Review" was denied on March 16, 2022. ECF No. 1 at 17 ¶ 18. However, as Respondent correctly notes, the limitations period began to toll well-before that date. ECF No. 11 at 14. Pursuant to Section 2244(d)(1)(A) and Supreme Court Rules 13(1) and (3), the 1-year period to file a Section 2254 petition began to toll on April 7, 2015, 90 days after the Washington State

ORDER – 5

Supreme Court denied review on January 7, 2015. *See* ECF No. 12-1 at 269; *State v. Moncada*, 340 P.3d 229 (Wash. 2015).

### 2. The AEDPA Statute of Limitations Tolled During Petitioner's Properly Filed Personal Restraint Petition in State Court

By the time Petitioner filed the Personal Restraint Petition on March 4, 2016, 332 days had elapsed, with 33 days of the limitation period remaining. *See* ECF No. 12-1 at 280-334. Upon issuance of the mandate concluding Petitioner's state collateral proceedings, the limitations period began to toll again on April 28, 2022.[1] ECF No. 12-4 at 193; *Matter of Moncada*, 12 Wash. App. 2d 1069 (2020).

### 3. The AEDPA Statute of Limitations Expired on May 31, 2022

After the Washington State Supreme Court denied Petitioner's request for discretionary review, the statute of limitations continued to run. The limitations period expired 33 days later, on May 31, 2022. Because Petitioner filed his Petition on February 10, 2023—255 days after the statute of limitations expired—it is untimely under 28 U.S.C. § 2244(d)(1).[2]

---

[1] The limitations period continues to run while a petition for writ of certiorari of state collateral proceedings is pending before the U.S. Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

[2] Petitioner did not argue equitable tolling should apply to his Petition.

ORDER – 6

## CONCLUSION

For the reasons stated above, Petitioner's Petition is dismissed with prejudice as untimely under 28 U.S.C. § 2244(d)(1).

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DISMISSED with prejudice** as untimely under 28 U.S.C. § 2244(d)(1).

2. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, provide a copy to the parties, and **CLOSE THE FILE**.

DATED February 7, 2025.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER – 7